PROVIDENCE/BRISTOL COUNTY SUPERIOR COURT
# SC DOCKET SHEET
## CASE NO. PC-2016-1002

| | | | |
|---|---|---|---|
| Akosua Anokye<br>v.<br>Atria Management Company, Inc. | §<br>§<br>§<br>§ | Location:<br>Filed on: | Providence/Bristol County Superior Court<br>03/03/2016 |

## CASE INFORMATION

Case Type: **Civil Rights/Job Discrimination**

Case Status: **03/03/2016 Unassigned**

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment**<br>Case Number  PC-2016-1002<br>Court  Providence/Bristol County Superior Court<br>Date Assigned  03/03/2016 |

## PARTY INFORMATION

*Lead Attorneys*

| | | |
|---|---|---|
| Plaintiff | Anokye, Akosua Anokye | **CASS, DAVID S.**<br>*Retained*<br>4012722627 x000(W) |
| Defendant | Atria Management Company, Inc. | |

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 03/28/2016 | Summons Returned Served<br>*Summons Served* |
| 03/04/2016 | Summons<br>Party: Defendant Atria Management Company, Inc. |
| 03/03/2016 | Complaint Filed<br>*Plaintiff's Complaint with Jury Demand* |



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

|  | Civil Action File Number<br>PC-2016-1002 |
|---|---|
| **Plaintiff**<br>Akosua Anokye Anokye<br>v.<br>**Defendant**<br>Atria Management Company, Inc. | **Attorney for the Plaintiff or the Plaintiff**<br>David S. Cass |
|  | **Address of the Plaintiff's Attorney or the Plaintiff**<br>ONE DAVOL SQUARE PH<br>PROVIDENCE RI  02903 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>No Known Address |

**TO THE DEFENDANT, Atria Management Company, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 3/4/2016. | /s/ Henry Kinch<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

d in Providence/Bristol County Superior Court
Submitted: 3/28/2016 3:40:40 PM
Envelope: 555140
Viewer: Alexa Goneconte

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

# SUPERIOR COURT

| **Plaintiff**<br>Akosua Anokye Anokye<br>    v.<br>**Defendant**<br>Atria Management Company, Inc. | **Civil Action File Number**<br>PC-2016-1002 |
|---|---|

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Atria Management Company, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person of suitable age and discretion _____
   Address of dwelling house or usual place of abode _____
   _____
   Age _____
   Relationship to the Defendant _____

☒ With an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent Corporation Service co Inc.
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ With a guardian or conservator of the Defendant.
   Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
   Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
   Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ I was unable to make service after the following reasonable attempts: _____

SERVICE DATE: 3 / 16 / 16
         Month  Day  Year

SERVICE FEE $ 45.00

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE
John V Esposito
Constable 6050

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

State of _____
County of _____

On this _____ day of _____, 20___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2016-1002
Filed in Providence/Bristol County Superior Court
Submitted: 3/3/2016 6:13:47 PM
Envelope: 527893
Reviewer: Lynn Gaulin

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
PROVIDENCE, SC.                                                    SUPERIOR COURT

AKOSUA ANOKYE

    v.            C.A. No.: PC16-

ATRIA MANAGEMENT COMPANY, INC.

## COMPLAINT

### Jurisdiction and Venue

1. This is an action for equitable and declaratory relief and for damages for violation of the Rhode Island Civil Rights Act, R.I.G.L. §42-112-1, et seq. and the Rhode Island Fair Employment Practices Act, R.I.G.L. 28-5-1, et seq.

2. An action under the Rhode Island Fair Employment Practices Act is committed to the jurisdiction of the Superior Court.

3. Plaintiff timely filed a claim of discrimination, RICHR No. 16 ERE 074-06/23 pursuant to R.I.G.L. § 28-5-1, *et seq*, and was issued a Notice of Right to Sue thereon by the Commission for Human Rights of the State of Rhode Island, and has timely instituted suit thereon.

### Parties

4. Plaintiff Akosua Anokye is a resident of the State of Rhode Island.

1

Case Number: PC-2016-1002
Filed in Providence/Bristol County Superior Court
Submitted: 3/3/2016 6:13:47 PM
Envelope: 527893
Reviewer: Lynn Gaulin

5.  The defendant Atria Management Company, Inc. is a corporation with a place of business being within the State of Rhode Island.

## Statement of Facts

6.  The plaintiff is a Seventh Day Adventist.

7.  The defendant had knowledge and was aware of the plaintiff's religion.

8.  The defendant corporation is an employer as that term is defined by R.I.G.L. §28-5-6.

9.  Plaintiff began her employment with the defendant corporation in or about 2006.

10. The plaintiff was and has always been a satisfactory employee.

11. In 2011, plaintiff filed a discrimination questionnaire with the Rhode Island Commission for Human Rights, alleging discrimination based on her protected class.

12. The filed questionnaire resulted in a Charge of Discrimination, 12EPD190-05/23, signed January 6, 2012.

13. The Charge of Discrimination resulted in a Memorandum of Understanding signed December 10, 2012. The Memorandum of Understanding is attached hereto as Exhibit A and incorporated herein by reference.

14. The defendant has failed and refused to comply with the terms and conditions of the Memorandum of Understanding.

Case Number: PC-2016-1002
Filed in Providence/Bristol County Superior Court
Submitted: 3/3/2016 6:13:47 PM
Envelope: 527893
Reviewer: Lynn Gaulin

15. Plaintiff was not afforded the shift change addressed in the Memorandum of Understanding. This failure was intentional and in direct violation of the intent of the Memorandum of Understanding.

16. Plaintiff submitted herself for a number of second shift positions that have become available and each time was told that she would not be getting the position. At first allegedly due to seniority, then when Ms. Anokye was the senior applicant, for no articulated reason.

17. In September 2015, plaintiff requested the most recent second shift position (equivalent to her employment) that became available. The defendant, by and through its employees, denied the plaintiff the position.

18. Plaintiff, to the defendant's employees, asserted that the failure and refusal to move her into the second shift position was discriminatory, based on her religious beliefs.

19. Approximately two weeks after the plaintiff complained of discrimination, the defendant terminated her employment, on or about September 21, 2015.

20. The reason given for the termination was a failure to service a client.

21. The reason is without basis, in light of the facts and circumstances that existed on the date plaintiff was disciplined, and is solely a pretext for their discriminatory termination.

22. The actions of the defendant constitute discrimination, discriminatory termination, retaliation and retaliatory termination.

Case Number: PC-2016-1002
Filed in Providence/Bristol County Superior Court
Submitted: 3/3/2016 6:13:47 PM
Envelope: 527893
Reviewer: Lynn Gaulin

23. The actions of the defendants have caused plaintiff a loss of income, emotional distress and other damages.

## COUNT I
*Rhode Island Civil Rights Act, RIGL §42-112-1et seq,*

24. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 23 as if fully set forth herein.

25. The defendant knew or should have known of the inappropriate actions to which the plaintiff was subjected.

26. The plaintiff suffered discrimination, discriminatory termination, retaliation and retaliatory termination.

27. The defendant's termination of the plaintiff was motivated by her request for accommodation of her religion and her claims of discrimination.

28. Said discrimination was intentional.

29. The actions of the defendants set forth above constitute a violation of the Civil Rights Act of 1990, Rhode Island General Laws § 42-112-1, et seq.

30. The actions of the defendants caused the plaintiff to suffer a loss of employment, emotional distress and plaintiff has been further damnified.

WHEREFORE, plaintiff prays this Honorable Court award him compensatory, consequential and exemplary damages as well as the costs of litigation and reasonable

Case Number: PC-2016-1002
Filed in Providence/Bristol County Superior Court
Submitted: 3/3/2016 6:13:47 PM
Envelope: 527893
Reviewer: Lynn Gaulin

attorneys' fees pursuant to Rhode Island General Laws § 42-112-2 and such other relief as the Court deems appropriate.

## COUNT II
*Rhode Island Fair Employment Practices Act,*
*R.I.G.L. § 28-5-1 et seq.*

31. Plaintiff hereby realleges and reasserts paragraphs 1 through 42 as if fully set forth herein.

32. Plaintiff has satisfied any and all administrative and/or jurisdictional prerequisites to suit.

33. The defendant knew or should have known of the inappropriate actions to which the plaintiff was subjected.

34. The plaintiff suffered discrimination, discriminatory termination, retaliation and retaliatory termination.

35. The defendant's termination of the plaintiff was motivated by her request for accommodation of her religion and her claims of discrimination.

36. Said discrimination was intentional.

37. The actions of the defendant set forth above constitute a violation of the Fair Employment Practices Act, Rhode Island General Laws §28-5-1, et seq.

WHEREFORE, plaintiff prays this Honorable Court award him compensatory and consequential damages pursuant to Rhode Island General Laws 28-5-24(b) including but not limited to lost income and punitive damages pursuant to Rhode Island General Laws

5

Case Number: PC-2016-1002
Filed in Providence/Bristol County Superior Court
Submitted: 3/3/2016 6:13:47 PM
Envelope: 527893
Reviewer: Lynn Gaulin

28-5-29.1 as well as his costs of litigation and reasonable attorneys' fees pursuant to Rhode Island General Laws § 28-5-24(a) and such other relief as the Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,
RAYMOND KRYSTLE BAXTER
By and through her attorney,

David S. Cass, #5044
One Davol Square, 4th Floor
Providence, RI 02903
(401) 272-2627
(508) 889-2674
Fax: (401) 272-2708
david@davidcasslaw.com

6